IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS REYNALDO JOHNSON,

     Plaintiff,                        No. 2:11-cv-2881 MCE DAD P

    vs.

D. CLAYS et al.,

     Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to reinstate his claims.

       By way of background, on March 30, 2012, the court screened plaintiff's complaint and determined that it appeared to state a cognizable claim for relief against defendants Baker and Speer but failed to state a cognizable claim against defendant Clays, Harrington, Knipp, and White. The court ordered service of plaintiff's complaint on defendants Baker and Speer and instructed plaintiff to return the documents necessary for service within thirty days. Plaintiff has submitted the documents necessary for service, but he has also filed a motion to reinstate his claims against defendants Clays, Harrington, Knipp, and White or, alternatively, requests leave to file an amended complaint.

/////

1

As to plaintiff's motion to reinstate his claims, plaintiff is advised that the court has not dismissed his claims.  However, the allegations in plaintiff's complaint fail to state a cognizable claim against these defendants.  Accordingly, the court declined to order service of the complaint on the respective defendants.  If plaintiff wishes to attempt to cure the defects of his complaint with respect to the defendants for which the court did not authorize service, he is advised that he may file an amended complaint.  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course" either twenty-one days after serving the complaint or twenty-one days after service of a responsive pleading.  See Fed. R. Civ. P. 15(a).  If plaintiff elects to file an amended complaint, however, he is strongly cautioned that in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Accordingly, the court will deny plaintiff's motion to reinstate his claims but will allow plaintiff thirty days to file an amended complaint if he so desires.

Plaintiff has also filed a motion requesting that the court order service of his complaint on defendants Baker and Speer.  Because it appears that plaintiff may be filing an amended complaint, the court declines to order service of his original complaint on defendants Baker and Speer at this time.  As noted above, if plaintiff elects to file an amended complaint, it will supercede his original complaint.  The court will need to screen any amended complaint to ensure that it states a cognizable claim against defendants Baker and Speer.

Finally, plaintiff has filed a motion for the court to address the aforementioned motions.  Plaintiff is advised that such a motion is unnecessary.  If plaintiff files a motion with

the court, the court will docket it and address its merits in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reinstate his claims (Doc. No. 15) is denied;

2. Within thirty days of the date of service of this order, plaintiff shall file an amended complaint. Alternatively, if plaintiff wishes to proceed on his original complaint, he shall file a notice informing the court that he wishes to proceed with service of his original complaint against defendants Baker and Speer;

3. Plaintiff's motion for the court to order service of his complaint on defendants Baker and Speer (Doc. No. 21) is denied without prejudice; and

4. Plaintiff's motion for the court to address his pending motions (Doc. No. 19) is denied as unnecessary.

DATED: August 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.mots

3