IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS REYNALDO JOHNSON,

      Plaintiff,                          No. 2:11-cv-2881 MCE DAD P

      vs.

D. CLAYS et al.,                       <u>ORDER AND</u>

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

## BACKGROUND

        The court previously screened plaintiff's original complaint and determined that it appeared to state a cognizable claim for relief against defendants Baker and Speer but failed to state a cognizable claim against defendants Clays, Harrington, Knipp, and White. The court ordered service of plaintiff's complaint on defendants Baker and Speer and instructed plaintiff to return the documents necessary for service within thirty days. Thereafter, plaintiff filed a motion to reinstate his claims against defendants Clays, Harrington, Knipp, and White or, alternatively, requested leave to file an amended complaint. The court granted plaintiff thirty days leave to file an amended complaint, which he timely filed on September 11, 2012.

1

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff has identified Correctional Officer Clays, Captain Harrington, Warden Knipp, Sergeant White, Correctional Officer Baker, and Correctional Officer Speer as the defendants in this action.  Therein he also alleges as follows. On March 25, 2010, defendant Clays confiscated plaintiff's television.  According to plaintiff, defendant Clays falsely claimed that the television was altered.  Plaintiff alleges that defendants Harrington, Knipp, and White tacitly authorized the confiscation because they subsequently failed to investigate and correct defendant Clays' actions.  Finally, plaintiff alleges that defendants Baker and Speer conducted a cell search and seized plaintiff's legal papers and typewriter because he had filed an administrative grievance against defendant Clays and because he acts as a jailhouse lawyer and has assisted fellow inmates in filing lawsuits against prison staff.  (Am. Compl. at 3-3d & Attach. & Exs.)

**DISCUSSION**

The court again finds that plaintiff's amended complaint appears to state a cognizable claim for retaliation under the First Amendment against defendants Baker and Speer. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

The court also finds once more, however, that plaintiff has failed to state a cognizable claim against defendant Clays for confiscating his television.  As the court previously advised plaintiff, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff alleges that defendant Clays confiscated his property by falsely claiming that the television was altered.  The California Legislature has provided a remedy for tort claims against

public officials in California Government Code, §§ 900, et seq. As such, plaintiff may not pursue his claim that the state deprived him of property without due process of law in federal court. Therefore, the court will recommend that defendant Clays be dismissed from this action.

Finally, the court finds again that plaintiff has failed to state a cognizable claim against defendants Harrington, Knipp, and White. As the court previously advised plaintiff, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Here, in his amended complaint plaintiff has not alleged a specific causal link between any action by these defendants and the claimed constitutional violations. Accordingly, the court will recommend that defendants Harrington, Knipp, and White also be dismissed from this action.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Service of the amended complaint is appropriate for defendants Baker and Speer.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of plaintiff's amended complaint.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

/////

        a. The completed, signed Notice of Submission of Documents;

        b. One completed summons;

        c. Two completed USM-285 forms for the defendants listed in number 1 above; and

        d. Three copies of his amended complaint.

    4. Plaintiff shall not attempt to effect service of the amended complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    IT IS HEREBY RECOMMENDED that defendants Clays, Harrington, Knipp, and White be dismissed from this action.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.56

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS REYNALDO JOHNSON,

        Plaintiff,                  No. CIV S-11-2881 MCE DAD P

    vs.

D. CLAYS et al.,                  NOTICE OF SUBMISSION

        Defendants.            OF DOCUMENTS

_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       ____  <u>one</u> completed summons form;

       ____  <u>two</u> completed USM-285 forms; and

       ____  <u>three</u> true and exact copies of the amended complaint.

DATED: _____.

                                                                               _____

                                                                               Plaintiff