1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS REYNALDO JOHNSON,                    No.  2:11-cv-2881 TLN DAD P

12                 Plaintiff,

13         v.                                   ORDER AND

14    D. CLAYS et al.,                          FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil

18    rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion

19    to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g).  Plaintiff has opposed the motion,

20    and defendants have filed a reply.

21                                        **BACKGROUND**

22         Plaintiff is proceeding on his first amended complaint in this action.  When the court

23    screened plaintiff's amended complaint, the court found that it appeared to state a cognizable

24    claim for retaliation under the First Amendment against defendants Baker and Speer.

25    Specifically, plaintiff alleges that defendants Baker and Speer conducted a cell search and seized

26    his legal papers and typewriter because plaintiff had previously filed an administrative grievance

27    against defendants' fellow officer and because plaintiff acts as a jailhouse lawyer and has assisted

28    fellow inmates in filing lawsuits against prison staff.  (See Doc. Nos. 24 & 25.)

1

**ANALYSIS**

In the pending motion, defendants move to revoke plaintiff's IFP status pursuant to the three-strikes rule of 28 U.S.C. § 1915(g), arguing that courts have dismissed three of plaintiff's civil actions or appeals as frivolous, malicious, or for failure to state a claim.  (Defs.' Mot. at 4-5 & Exs. A-F.)  The court disagrees and below will address each of the three lawsuits which defense counsel characterizes as "strikes":

  **(1) <u>Johnson v. Rosario</u>, No. 2:94-cv-1129 EJG GGH (E.D. Cal. Apr. 18, 1995).**
In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this case.  According to the docket sheet, Magistrate Judge Hollows dismissed plaintiff's amended complaint as frivolous with leave to file a second amended complaint and warned plaintiff that failure to file a second amended complaint would result in a recommendation that the action be dismissed.  When plaintiff failed to file an amended complaint, Magistrate Judge Hollows issued findings and recommendations, recommending that the action be dismissed.  The assigned district judge subsequently adopted the findings and recommendations in full and dismissed the action without prejudice.  (Defs.' Mot. Ex. A.)

  Based on defendants' evidence, the court finds that this case does not constitute a strike for purposes of § 1915(g).  <u>See</u> <u>Andrews v. King</u>, 398 F.3d 1113, 1122 (9th Cir. 2005) ("Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of an order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.").  Here, it appears from the docket sheet defendants have submitted that the court dismissed this action based on plaintiff's failure to file a second amended complaint.  Failure to prosecute under these circumstances is not a qualifying ground under § 1915(g).  <u>See</u> <u>Bontemps v. Sotak</u>, No. 2:09-cv-2115 LKK EFB P, 2013 WL 178210 at *3 (E.D. Cal. Jan. 16, 2013) (defendants failed to demonstrate how dismissals for failure to amend could be reasonably interpreted as being premised on a reason listed in section 1915(g)); <u>Keeton</u>

v. Cox, No. CIV S-06-1094 GEB CKD, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the actions did not state claims and thus could not have moved forward.").

(2) **Johnson v. Gomez, No. 2:95-vv-1027 JFM (E.D. Cal. Sept. 28, 1995).** In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this case as well as a copy of Magistrate Judge Moulds' findings and recommendations, recommending that the action be dismissed as frivolous. Defense counsel has also submitted a copy of then-District Judge Levi's order adopting the findings and recommendations in full and dismissing the action. (Defs.' Mot. Exs. B-D.)

Based on defendants' evidence, the court finds that this case constitutes a strike for purposes of § 1915(g) because it was dismissed as frivolous.

(3) **Johnson v. Wilson, 3:97-cv-2114 LAB (S.D. Cal. Oct. 30, 1998).** In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this case as well as screening orders by then-Magistrate Judge Burns dismissing plaintiff's complaint with leave to file an amended complaint. Defense counsel has also submitted a copy of the order dismissing the complaint with prejudice after plaintiff failed to file an amended complaint. Judge Burns included in the order clause that "this dismissal is counted as a strike pursuant to 26 U.S.C. § 1915(g)." Finally, defense counsel has submitted a copy of the Ninth Circuit's decision affirming the district court's order denying plaintiff's motion to vacate the order dismissing his complaint. (Defs.' Mot. Exs. E-J.)

The court need not decide whether this case constitutes a strike based on plaintiff's failure to amend in the case because, even assuming arguendo that the court found this case constitutes a strike, at most, defendants have identified only two strikes even if counting this case as one.

/////

/////

3

1  In short, defendants have not demonstrated that plaintiff has incurred three strikes under

2  28 U.S.C. § 1915 prior to filing this action.  Accordingly, the court will recommend that

3  defendants' motion to revoke plaintiff's IFP status be denied.[1]

4  **OTHER MATTERS**

5  Plaintiff has several motions pending before the court.  First, plaintiff has filed a "motion"

6  asking that defendants stipulate to twelve material facts in dispute instead of filing any "arbitrary

7  motion to dismiss."  Defendants have opposed the motion on the grounds that it is not a

8  permissible motion or pleading under the Federal Rules of Civil Procedure.  The court agrees

9  with defendants that this is not a proper motion.  Insofar as plaintiff wishes defendants to admit to

10  certain facts, plaintiff should prepare requests for admission and serve them on defendants after

11  the court issues its discovery and scheduling order.

12  Plaintiff has also filed a motion for entry of final judgment against defendants Clays,

13  Harrington, White, and Knipp.  On March 15, 2013, the undersigned issued findings and

14  recommendations, recommending that these defendants be dismissed from this action after

15  plaintiff twice failed to state a cognizable claim against them.  (Doc. No. 25.)  On April 15, 2013,

16  the assigned district judge adopted the findings and recommendations in full and dismissed these

17  defendants.  (Doc. No. 29.)  Plaintiff appealed the order, but the Ninth Circuit dismissed the

18  appeal because the order was neither final nor appealable.  (Doc. No. 36.)

19  Federal Rule of Civil Procedure 54(b) allows for the "direct entry of a final judgment as to

20  one or more, but fewer than all, claims or parties only if the court expressly determines that there

21  is no just reason for delay."  However, there is "a long-settled and prudential policy against the

22  scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be

23  indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants."

24  Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988).  "Judgments under Rule

25  54(b) must be reserved for the unusual case in which the costs and risks of multiplying the

26  number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing

27

28  [1] Plaintiff has filed a motion for relief from the application of 28 U.S.C. 1915(g).  In light of the discussion above, the court will recommend that plaintiff's motion be denied as unnecessary.

4

1   needs of the litigants for an early and separate judgment as to some claims or parties." <u>Morrison-</u>

2   <u>Knudsen Co., v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981).

3        Here, plaintiff's case is not unusual so as to warrant entry of final judgment against

4   defendants Clays, Harrington, White, and Knipp.  Nor has plaintiff offered the court any reason to

5   justify proceeding in a piecemeal fashion rather than proceeding towards one cohesive judgment

6   that plaintiff may appeal at the end of this case.  Accordingly, the court will deny plaintiff's

7   motion for entry of final judgment against defendants Clays, Harrington, White, and Knipp.

8        Next, plaintiff has filed two motions seeking the imposition of sanctions and a motion to

9   declare default against defendants because they have not filed a responsive pleading or an answer

10  to his complaint.  Defendants have opposed the motion and argue that they filed the pending

11  motion to revoke plaintiff's IFP status in good faith and that this action could be dismissed on this

12  basis alone.  In their pending motion, defendants also requested a stay until the court ruled on the

13  motion to revoke plaintiff's IFP status.

14       The court finds that there are no grounds for sanctions or entry of default against

15  defendants in this case.  Defendants have acted in good faith in filing the pending motion to

16  revoke plaintiff's IFP status and were not required to expend additional time and resources on

17  further responsive pleadings until the court ruled on the pending motion.  Plaintiff is advised that

18  if the assigned district judge adopts the findings and recommendations herein, the court will order

19  defendants to file a responsive pleading forthwith.

20       Finally, plaintiff has requested appointment of counsel.  The United States Supreme Court

21  has ruled that district courts lack authority to require counsel to represent indigent prisoners in §

22  1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain

23  exceptional circumstances, the district court may request the voluntary assistance of counsel

24  pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

25  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26       The test for exceptional circumstances requires the court to evaluate the plaintiff's

27  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

28  light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

## CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's "motion" for defendants to stipulate to twelve material facts in dispute (Doc. No. 41) is denied;

2.  Plaintiff's motion for entry of final judgment against defendants Clays, Harrington, White, and Knipp (Doc. No. 42) is denied; and

3.  Plaintiff's motions for sanctions and to declare default against defendants (Doc. Nos. 47 & 49) are denied;

IT IS HEREBY RECOMMENDED that:

1.  Defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) (Doc. No. 37) be denied;

2.  Plaintiff's motion for relief from § 1915(g) (Doc. No. 53) be denied as unnecessary; and

3.  Defendants be directed to file a responsive pleading in this matter within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b) (l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed and served within seven days after service of the objections.  The parties are advised

/////

/////

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.57