UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS REYNALDO JOHNSON, | No. 2:11-cv-2881 TLN DAD P |
| Plaintiff, | |
| v. | AMENDED[1] ORDER AND |
| D. CLAYS et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g).  Plaintiff has opposed the motion, and defendants have filed a reply.

/////

---

[1] On December 10, 2013, the undersigned issued findings and recommendations recommending that defendants' motion to revoke plaintiff's IFP status be denied.  While those findings and recommendations were pending before the assigned District Judge, the Ninth Circuit Court of Appeals issued its decision in Knapp v. Hogan, 738 F.3d 1106 (9th Cir. 2013).  There, in a matter of first impression, the court held that repeated, knowing violations of notice requirements under Rule 8 of the Federal Rule of Civil Procedure resulting in dismissal may constitute strikes under 28 U.S.C. § 1915(g). Id. at 1110.  The undersigned issues this amended order and findings and recommendations to address the recent decision in Knapp.  Nonetheless, upon further consideration and for the reasons set forth below, it is concluded that the Knapp decision has little or no bearing on the resolution of defendants' motion given the showing made here.

1

# BACKGROUND

Plaintiff is proceeding on his first amended complaint in this action. After granting plaintiff's application to proceed in forma pauperis in this action, the court screened plaintiff's amended complaint and found that it appeared to state a cognizable claim for retaliation under the First Amendment against defendants Baker and Speer. Specifically, in his complaint plaintiff alleges that defendants Baker and Speer conducted a cell search and seized his legal papers and typewriter because plaintiff had previously filed an administrative grievance against defendants' fellow correctional officer and because plaintiff acts as a jailhouse lawyer and has assisted fellow inmates in filing lawsuits against prison staff. (See Doc. Nos. 24 & 25.)

# ANALYSIS

In the pending motion, defendants move to revoke plaintiff's IFP status pursuant to the three-strikes rule of 28 U.S.C. § 1915(g), arguing that courts have previously dismissed three of plaintiff's civil actions or appeals as frivolous, malicious, or for failure to state a claim. (Defs.' Mot. at 4-5 & Exs. A-F.) For the reasons set forth below, the undersigned disagrees and finds that defendants have not met their burden of establishing that plaintiff has accrued three strikes prior to the filing of this action.

"The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed in forma pauperis." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). See also Silva v. Vittorio, 658 F.3d 1090, 1097, n. 3 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). The Ninth Circuit has cautioned that when called upon to determine whether a prior dismissal qualifies as a strike, a subsequent court must be mindful of the following:

> Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim . . . .
>
> [U]nder the plain language of § 1915(g), [ ] prior dismissals [ ] qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court

2

> determine[s] that they ha[ve] been dismissed because they were frivolous, malicious or failed to state a claim. See § 1915(g).

Andrews, 398 F.3d at 1121 (emphasis added).  See also Knapp, 738 F.3d at 1109.

In addition, in interpreting §1915(g) the Ninth Circuit has observed:

> [T]he legislative history of the PLRA also supports our reading of the statute.  While it is clear that Congress enacted § 1915(g) to curb frivolous prisoner complaints and appeals, see Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) ("The PLRA filing fee provisions were enacted to deter the large number of frivolous inmate lawsuits that were 'clogging' the federal courts and 'draining' limited judicial resources"), the PLRA's reforms were "designed to filter out the bad claims and facilitate consideration of the good." Jones, 549 U.S. at 204, 127 S. Ct. 910.  "Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors." Adepegba, 103 F.3d at 388; see also Jennings, 175 F.3d at 780.  Thus, our reading of the statute "not only respects Congress' intent to curb meritless lawsuits, but ensures that meritorious lawsuits are not swept away in the process." See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting 141 Cong. Rec. S146110–01, S14267 (daily ed. Sept. 29, 1995)) ("As chief sponsor of the PLRA, Senate Judiciary Committee Chairman Orrin Hatch made the following statement:  'I do not want to prevent inmates from raising legitimate claims.  This legislation will not prevent those claims from being raised.' ").

Silva, 658 F.3d at 1099-1100.

Finally, the undersigned notes that a myriad of issues surrounding the determination of which dismissals count as a strike under §1915(g) has, of late, seem to have consumed considerable judicial resources in both the trial and appellate courts.  Perhaps influenced by this fact, the undersigned is persuaded by a recent decision of the Third Circuit Court of Appeals in which that appellate court concluded:

> [W]e are ultimately persuaded that the PLRA's purpose is best served by taking an approach that does not open the door to more litigation surrounding § 1915(g).  Thus, we adopt the following rule:  a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/////

> Applying this rule, we must now decide whether the dismissal of Byrd's appeal in Byrd v. Gillis under § 1915(e)(2)(B) because it was "without merit" constitutes a strike. The dismissal is not encompassed by the first category of our adopted rule. The terms "frivolous," "malicious," or "fails to state a claim" were not used to dismiss the appeal in its entirety. Although we have often associated the term "without merit" with the term "frivolous," we cannot say that these terms have the exact same meaning. Regardless, the first category of our new rule requires that the terms "frivolous," "malicious," or "fails to state a claim" be explicitly stated for the dismissal to constitute a strike.

Byrd v. Shannon, 715 F.3d 117, 126 (3rd Cir. 2013) (emphasis added). See also Ball v. Famiglio, 726 F.3d 448, 463 (3rd Cir. 2013) (same); Keeton v. Cox, No. CIV S-06-1094 GEB KJM, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("Neither of these underlying orders suggested that the action was finally terminated because it was frivolous, malicious or failed to state a claim; rather, the orders found the pleading deficits might be ameliorated.")

Below, with the above principles in mind, the court will address the dismissal of each of the three lawsuits previously filed by plaintiff which defense counsel characterize as "strikes" in their pending motion to revoke plaintiff's IFP status.

**I. Johnson v. Rosario, No. 2:94-cv-1129 EJG GGH (E.D. Cal.)**

In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this action which was dismissed by the court 19 years ago.[2] According to the summary entry on the court's docket sheet[3] from that action, the assigned Magistrate Judge granted plaintiff's in forma pauperis application and issued an order dismissing the complaint "as frivolous, with leave to amend." (Defs.' Mot. Ex. A, Doc. No. 37-3 at 3.) Thereafter, plaintiff filed an amended complaint and the docket sheet reflects that the assigned Magistrate Judge

---

[2] The undersigned does not mean to suggest that there is some sort of statute of limitations with respect to prior strikes to be considered under § 1915(g). There is not. See Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (holding that §1915(g) applies to actions dismissed both "before and after" the PLRA's effective date). However, as a practical matter, the older the dismissal relied upon the more difficult it may become for defendants to meet their burden of proving the grounds upon which a dismissal was based and thereby establishing its qualification as a strike.

[3] Apparently no copy of the assigned District Judge's order dismissing the action or of the assigned Magistrate Judge's findings and recommendations can be located. In any event, defendants have failed to present those documents for the court's consideration.

1   issued an order again "dismissing the complaint as frivolous, with leave to file an (sic) second
2   amended complaint" and with an indication that the "failure to file a second amended complaint
3   will result in a recommendation that this action be dismissed[.]" (Id.) When plaintiff did not file
4   a second amended complaint within the time provided, the docket sheet reflects that the
5   Magistrate Judge issued findings and recommendations, merely recommending that the action be
6   dismissed. (Id.) The docket sheet relied upon by defendants does not indicate any particular
7   ground for dismissal set forth in the report and recommendation. (Id.) The assigned District
8   Judge subsequently adopted those findings and recommendations and, according to the docket
9   entry, ordered only that "this action is dismissed without prejudice." (Id.) Again, there is no
10  indication in the docket entry whether the dismissal was for failure to prosecute, failure to abide
11  by the court's orders or was based on a finding of frivolousness. (Id.)

12       The question before this court now is whether, in light of this evidence, defendants have
13  satisfied their burden of establishing that the District Judge dismissed Case No. 2:94-cv-1129
14  EJG GGH as frivolous, malicious, or for failure to state a claim, thereby constituting a strike
15  under §1915(g).[4] While reasonable minds could perhaps disagree, the undersigned concludes that
16  they have not. Specifically, defendants have not produced sufficient documentary evidence that
17  allows this court to now conclude that the assigned District Judge dismissed this case because it
18  was "frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g). As noted,
19  defendants have submitted only a copy of a docket sheet in support of their motion. The Ninth
20  Circuit has warned that reliance upon the summary entries on a docket sheet may well be
21  misplaced, cautioning that:

22  > [I]n many instances, the docket records will not reflect the basis for
    > the dismissal. In these instances, the defendants may not simply
23  > rest on the fact of dismissal. Rather, the defendants must produce
    > court records or other documentation that will allow the district
24  > court to determine that a prior case was dismissed because it was
    > "frivolous, malicious, or fail[ed] to state a claim."
25

26  ─────────────
27  [4] Case No. 2:94-cv-1129 EJG GGH was not a case involving consent under 28 U.S.C. § 636(c)
    and therefore the assigned Magistrate Judge had no authority to issue a final order of dismissal or
28  to enter judgment accordingly.

5

Andrews, 398 F.3d at 1120.  See also Cohen v. Corrections Corporation of America, No. 4:05 CV 1986, 2009 WL 3259124, at * 2 (N.D. Ohio July 7, 2009) ("The tactic of barraging the court with dockets will only be successful . . . 'if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim.'") (quoting Andrews, 398 F.3d at 1121).

     Given the docket sheet presented by defendants it is, of course, possible that the Magistrate Judge intended to recommend dismissal of this action as frivolous but failed to include that language in the findings and recommendations.  Similarly, it is possible that the assigned District Judge intended to dismiss the action as frivolous but inadvertently omitted that language from the order of dismissal.[5]  However, it is equally plausible that despite finding the earlier filed complaints to be frivolous that the assigned Magistrate Judge ultimately recommended dismissal of the action due to plaintiff's failure to file a second amended complaint within the time provided.[6]  Of course, a dismissal due to a plaintiff's failure to prosecute by not filing an amended complaint is not a qualifying ground for a strike under § 1915(g).  See Butler v. Dep't of Justice, 492 F.3d 440, 443 (D.C. Cir. 2007) (concluding that a dismissal for failure to prosecute is not a dismissal as frivolous, malicious or for failure to state a claim and therefore cannot be counted as a strike under §1915(g)); Hafed v. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011); Bontemps v. C/O Callison, No. 2:13-cv-0360 KJM AC P, 2014 WL 996964 at *1 (E.D. Cal. Mar. 12, 2014) ("Dismissal for failure to file an amended complaint, or failure to prosecute, is not a 'strike' because it does not fall within the plain language of 28 U.S.C. §1915(g)."); Keeton v. Cox, No. CIV S-06-1094 GEB KJM P, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("That plaintiff did not accept the invitation to recast his complaints does not render the ultimate dismissals, as articulated by the respective presiding judges, determinations that the

---

[5] It is even conceivable that either or both the findings and recommendations and the final order of dismissal included reference to a finding of frivolousness but that the summary entry on the court's docket sheet omitted that language.

[6] Indeed, it has long been the practice of many Magistrate Judges of this court under similar circumstances to recommend dismissal under only on the grounds of the failure to prosecute or failure to abide by courts order (or both).

1 actions did not state claims and thus could not have moved forward."); But see Ruff v. Ramirez,
2 Civil No. 07-0962 JLS (CAB), 2007 WL 4208286, at *5 (S.D. Cal. Nov. 28, 2007) (finding that a
3 dismissal for failure to prosecute was a strike under §1915(g), where an earlier dismissal with
4 leave to amend was based on a finding a frivolousness, pursuant to a theory that the case could
5 not have proceeded had it not been for the initial dismissal for frivolousness).[7]

Here, defendants have made no showing that when plaintiff failed to file a second amended complaint in 1995 this action was dismissed as frivolous. See Ransom v. Gonzalez, No. 1:10-cv-0397-AWI-GSA PC, 2013 WL 5230040, at *4 (E.D. Cal. Sept. 16, 2013) (declining to find that a dismissal was a strike where defendants did not submit "copies of the orders dismissing the complaint and closing the case" but relied on "a copy of the printout listing the docket entries" in part because "without examining the orders dismissing the case, the court cannot evaluate the language of the order to make a certain determination"); Abreu v. Braga, No. CIV S-09-0763 KJM EFB P, 2011 WL 3667445, at *2 (E.D. Cal. Aug. 22, 2011) ("[D]efendants have produced documentary evidence in the form of an order dismissing plaintiff's complaint with leave to amend; they have not shown that the action itself was dismissed for failure to state a claim, or as frivolous or malicious. As the court cannot determine why the . . . action was ultimately dismissed, the court cannot count it as a strike.").

Because defendants have failed to meet their burden of establishing that Johnson v. Rosario, No. 2:94-cv-1129 EJG GGH (E.D. Cal.) was dismissed on grounds qualifying it as a strike under §1915(g), it cannot be counted as such.

/////

---

[7] As has been recognized, any concerns regarding prisoners who repeatedly bring actions that are ultimately dismissed for failure to prosecute thereby burdening the courts in this fashion can be adequately addressed by the exercise of the court's discretionary authority (under §1915(a) and the court's general supervisory authority to manage its docket) to deny IFP status to prisoners who abuse that privilege. Butler v. Dep't of Justice, 492 F.3d 440, 444 (D.C. Cir. 2007); Bontemps v. C/O Callison, No. 2:13-cv-0360 KJM AC P, 2014 WL 996964 at *1 (E.D. Cal. Mar. 12, 2014); see also Blakely v. Wards, 738 F.3d 607, 612 (4th Cir. 2013). Defendants have not argued here that plaintiff is an abusive filer, nor does it appear that they could persuasively argue as much given the age of the dismissals upon which they rely in their motion to revoke his IFP status.

7

**II. <u>Johnson v. Gomez</u>, No. 2:95-vv-1027 JFM (E.D. Cal. Sept. 28, 1995).**

In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this case as well as a copy of the assigned Magistrate Judge's findings and recommendations, recommending that the action be dismissed as frivolous. Defense counsel has also submitted a copy of the assigned District Judge's order adopting those findings and recommendations in full and dismissing the action. (Defs.' Mot. Exs. B-D.)

Based on the evidence presented by defendants, the court finds that the dismissal of this case in 1995 constitutes a strike for purposes of § 1915(g) because the dismissal was based on an express finding of frivolousness.

**III. <u>Johnson v. Wilson</u>, 3:97-cv-2114 LAB (S.D. Cal. Oct. 30, 1998).**

In support of the pending motion, defense counsel has submitted a copy of the docket sheet from this case as well as screening orders by the assigned Magistrate Judge dismissing plaintiff's complaint with leave to file an amended complaint. Defense counsel has also submitted a copy of the order dismissing the complaint with prejudice after plaintiff failed to file an amended complaint. (Defs.' Mot. Exs. E-G.) The Magistrate Judge included in the order clause of the final order of dismissal and in the judgment that this "dismissal is counted as a strike pursuant to 28 U.S.C. § 1915(g)."[8] (Defs.' Mot. Exs. H & I.) Finally, defense counsel has submitted a copy of the Ninth Circuit's decision affirming the district court's order denying plaintiff's motion to vacate the order dismissing his complaint. (Defs.' Mot. Ex. J.)

/////

---

[8] The practice of designating dismissals as "strikes" under §1915(g) in orders of dismissal has been criticized because it is the subsequent courts who must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule. Indeed, the Second Circuit has stated: "[D]istrict courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately – upon determination at the appropriate time – qualify as strikes under the terms of §1915(g)." <u>DeLeon v. Doe</u>, 361 F.3d 93, 95 (2d Cir. 2004). <u>See</u> also <u>Shabbazz v. Fischer</u>, 2012 WL3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); <u>Pough v. Grannis</u>, 08CV1498-JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).

      The court need not decide whether the dismissal of this case constitutes a strike. Even assuming arguendo that the dismissal of this case constituted a strike, at most, defendants have identified only two prior civil actions or appeals filed by plaintiff that have been dismissed as frivolous, malicious, or for failure to state a claim.

**CONCLUSION**

      In short, defendants have not demonstrated that plaintiff has accrued three strikes under 28 U.S.C. § 1915 prior to filing this action. Accordingly, the court will recommend that defendants' motion to revoke plaintiff's IFP status be denied.[9]

      IT IS HEREBY ORDERED that the court's December 10, 2013, findings and recommendations (Doc. No. 58) are vacated;

      IT IS HEREBY RECOMMENDED that:

      1. Defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) (Doc. No. 37) be denied;

      2. Plaintiff's motion for relief from § 1915(g) (Doc. No. 53) be denied as unnecessary; and

      3. Defendants be directed to file a responsive pleading in this matter within thirty days of any order adopting these findings and recommendations.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b) (l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within seven days after service of the objections. The parties are advised

/////

/////

---

[9] Plaintiff has filed a motion for relief from the application of 28 U.S.C. 1915(g). In light of the analysis set forth above, the court will recommend that plaintiff's motion be denied as unnecessary.

9

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 22, 2014

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.57rev