UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS REYNALDO JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>D. CLAYS, et al.,<br><br>            Defendants. | No.  2:11-cv-2881 TLN DAD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Pending before the court are several of plaintiff's motions, which the court will address in turn.

**BACKGROUND**

Plaintiff is proceeding on a first amended complaint on a claim for retaliation in violation of the First Amendment against defendants Baker and Speer.  Specifically, in his complaint plaintiff alleges that defendants Baker and Speer conducted a cell search and seized his legal papers and typewriter because plaintiff had previously filed an administrative grievance against defendants' fellow correctional officer and because plaintiff acts as a jailhouse lawyer and has assisted fellow inmates in filing lawsuits against prison staff. (Doc. Nos. 24 & 25)  On May 22, 2014, the assigned district judge in this case denied defendants' motion to revoke plaintiff's IFP

/////

status and directed defendants to file a responsive pleading in this matter within thirty days. (Doc. No. 81)

**PLAINTIFF'S MOTIONS**

First, plaintiff has filed a motion in which he contends that the Office of the Attorney General should not represent the defendants because of a potential conflict of interest. Specifically, plaintiff argues that the Office of the Attorney General has a duty to investigate and prosecute the defendants for the conduct he complains of in this action, namely, taking plaintiff's property under false pretenses and as an act of retaliation.

Plaintiff is advised that the Attorney General has a duty to represent any state officer or agency. See, e.g., Cal. Gov't Code § 12511 ("The Attorney General has charge, as attorney, of all legal matters in which the State is interested. . . . "); id. § 12512 ("The Attorney General shall . . . prosecute or defend all causes to which the State, or any State officer is a party in his or her official capacity."); id. § 12511.5 ("The Attorney General may defend a public or private provider of health care . . . against any claim that the civil rights of a person in state custody were violated in the provision of health care services . . . ."). The Attorney General also has a duty to represent the public interest. See D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 15 (1974). In D'Amico, the California Supreme Court explained:

> In the course of discharging this duty [to defend all cases in which the state or one of its officers is a party] he is often called upon to make legal determinations both in his capacity as a representative of the public interest and as statutory counsel for the state or one of its agencies or officers. In the great majority of such cases no conflict will result because in representing the interest of his 'client' the Attorney General will take a position consistent with what he deems to be in the public interest. In the exceptional case the Attorney General, recognizing that his paramount duty to represent the public interest cannot be discharged without conflict, may consent to the employment of special counsel by a state agency or officer. However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made both as a representative of the public interest and as counsel for the state agency or officer.

Id.

/////

2

Here, the Attorney General has not indicated the existence of any conflict of interest. In addition, the court finds that this case does not present the "exceptional case" where the Attorney General faces a conflict of interest. See Neighbors v. Kemp, No. CIV S-06-1611 DFL EFB P, 2006 WL 3500872 at *1 (E.D. Cal. Dec. 5, 2006) (rejecting prisoner-plaintiff's similar argument that state attorney's general office had a conflict of interest because it had a duty to prosecute those who violated his constitutional rights). Accordingly, the court will deny plaintiff's motion for relief from the Office of the Attorney General representing the defendants in this action.[1]

Also pending before the court is plaintiff's motion for preliminary injunctive relief. In his motion, plaintiff contends that the defendants opened his mail from the court without him being present and delayed delivering him his mail for three days in violation of his constitutional rights. As an initial matter, plaintiff's motion does not comply with Local Rule 231 which requires that a motion for preliminary injunctive relief be accompanied by: (1) a declaration signed under penalty of perjury on the question of irreparable injury; (2) a memorandum of points and authorities addressing all legal issues raised by the motion; and (3) evidence of notice to all persons who would be affected by the order sought.

Moreover, "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Here, plaintiff's allegations fall far short of making the showing required for the granting of preliminary injunctive

---

[1] Plaintiff has also filed with the court several motions seeking relief against defendants based on defense counsel's failure to oppose or respond to plaintiff's motion concerning the Attorney's General purported conflict of interest. Under this court's April 17, 2013 order, the parties are required to brief all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59, and 60, and Local Rule 110. Opposition to all other motions need be filed only as directed by the court. Defense counsel was not required to respond to plaintiff's pending motion. Accordingly, the court will deny plaintiff's motion to find defendants in default and motion for sanctions. Plaintiff has also filed a motion to stay these proceedings until the court rules on plaintiff's motion concerning the Attorney General's purported conflict of interest. In light of the court's decision to deny plaintiff's pending motion, the court will also deny plaintiff's motion for a stay.

1  relief. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). It is well established that
2  "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." See
3  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1986). In this regard, defendants did not violate
4  plaintiff's constitutional rights when they opened his mail from the court outside of his presence.
5  See id. In addition, the three-day delay that plaintiff allegedly experienced in receiving his mail
6  also does not rise to the level of a constitutional violation because he has not alleged that he
7  suffered any "actual injury" from this minor delay. Lewis v. Casey, 518 U.S. 343, 351-52 (1996);
8  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Accordingly, the court will deny plaintiff's
9  motion for preliminary injunctive relief.
10     Finally, plaintiff has filed a motion in limine to prevent defense counsel from introducing
11  plaintiff's criminal history as well as a motion for a settlement. As to plaintiff's motion in limine,
12  as noted above, on May 22, 2014, the court ordered defendants to file their responsive pleading in
13  this action within thirty days. At this juncture, therefore, plaintiff's motion in limine is
14  premature. If and when the court issues a pretrial order later in these proceedings, the court will
15  set a schedule for when the parties are allowed to file motions in limine. As to plaintiff's motion
16  for a settlement, plaintiff should contact defense counsel with his settlement offers and should not
17  file them with the court. Plaintiff is further advised that, insofar as he seeks a court-supervised
18  settlement conference, the court will not order a mandatory settlement conference between the
19  parties until after it has ruled on any forthcoming summary judgment motions. Accordingly, the
20  court will deny plaintiff's motion in limine and motion for a settlement.
21     In closing, the court observes that plaintiff has now filed an inordinate number of motions
22  in this case. Plaintiff is cautioned that improper and superfluous filings impede the progress of a
23  case, and the court may impose restrictions on plaintiff's filings if he does not exercise
24  appropriate restraint in the future. See De Long v. Jennessey, 912 F.2d 1144, 1147 (9th Cir.
25  1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the
26  activities of abusive litigants by imposing carefully tailored restrictions under the appropriate
27  circumstances.") (quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)). Although
28  plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure

and the Local Rules of Court.  Plaintiff's failure to obey court orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order preventing the Attorney General from representing defendants in this action based on a conflict of interest (Doc. No. 62) is denied;

2. Plaintiff's motion to find defendants in default for failing to oppose his motion for a temporary restraining order and motion for sanctions (Doc. Nos. 67 & 73) are denied;

3. Plaintiff's motion for a stay (Doc. No. 83) is denied;

4. Plaintiff's motion for preliminary injunctive relief (Doc. No. 80) is denied;

5. Plaintiff's motion in limine is denied (Doc. No. 82) without prejudice to its renewal, as appropriate, at a later stage of these proceedings; and

6. Plaintiff's motion for a settlement (Doc. No. 84) is denied.

Dated:  June 3, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.mots