UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS REYNALDO JOHNSON, | No. 2:11-cv-2881 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| D. CLAYS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action on a First Amendment retaliation claim against defendants Baker and Speer.  Pending before the court is plaintiff's motion seeking a protective order that prohibits defendants from using or asking about plaintiff's commitment offense during discovery in this action.  Defendants have opposed the motion and have submitted a request to file under seal certain documents in support of their opposition.[1]  Plaintiff has filed a reply as well as a motion to strike defendants' opposition as untimely.[2]

---

[1] Good cause appearing, the court will grant defendants' request to seal plaintiff's amended abstract of judgment dated February 1, 1989, attached as Exhibit A to defendants' opposition to plaintiff's motion for a protective order.

[2] The court will deny plaintiff's motion to strike.  Although defendants filed their opposition two days late, plaintiff has shown no prejudice resulting from the late filing.  Defendants are cautioned, however, that under the court's April 17, 2013 order, all motions to dismiss, motions

1

Under the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b). In addition, under the Federal Rules of Evidence, a party may attack a witness's character for truthfulness with evidence of a criminal conviction if the conviction was punishable by more than one year in prison. Fed. R. Evid. 609(a)(1).

Here, plaintiff has not shown good cause for the issuance of a protective order. See Fed. R. Civ. P. 26(c)(1)(D); In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) ("The party opposing disclosure has the burden of providing 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted.")). In addition, as defense counsel contends, plaintiff's criminal convictions are relevant for potential impeachment purposes and are therefore a proper subject of discovery. Accordingly, the court will deny plaintiff's motion for a protective order.

Also pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

---

for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. See L.R.230(l).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order that prohibits defendants from using or asking about plaintiff's commitment offense during discovery (Doc. No. 90) is denied;

2. Plaintiff's motion to strike (Doc. No. 94) is denied;

3. Defendants' request to seal plaintiff's amended abstract of judgment dated February 1, 1989, attached as Exhibit A to defendants' opposition to plaintiff's motion for a protective order, (Doc. No. 93) is granted;

4. The Clerk of the Court is directed to file under seal the amended abstract of judgment dated February 1, 1989, attached as Exhibit A to defendants' opposition to plaintiff's motion for a protective order, until further ordered by the court; and

5. Plaintiff's motion for appointment of counsel (Doc. No. 91) is denied.

Dated: July 31, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.pod