1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS REYNALDO JOHNSON,                    No.  2:11-cv-2881 TLN DAD P

12                  Plaintiff,

13        v.                                   ORDER

14   D. CLAYS, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with this civil rights action on a First

18   Amendment retaliation claim against defendants Baker and Speer.  Pending before the court are

19   several of plaintiff's motions, which the court will address in turn.

20        First, plaintiff has filed a motion styled "Motion to Subjoin Nonjoinder Defendant" in

21   which he requests that the court add Lieutenant E. Hobbs to this action as a defendant and order

22   service of plaintiff's amended complaint on him.[1]  Plaintiff contends that information he received

23   during discovery demonstrates that Hobbs is a "collusive codefendant."  As noted above, plaintiff

24   is proceeding on a retaliation claim against defendants Baker and Speer.  Specifically, plaintiff

25   has alleged that defendants Baker and Speer searched his cell and seized his property because he

26   _____

[1]  Typically, the court would not permit plaintiff to join a party without filing an amended

27   complaint for this court to evaluate.  See 28 U.S.C. § 1915A.  Because the time to file pretrial
     motions in this action under the court's scheduling order, such as a motion to amend, has now

28   expired the court will in the interest of justice consider plaintiff's pending "joinder" motions.

1

1    had filed an administrative grievance against one of their fellow officers and because he acts as a

2    jail house lawyer and has assisted fellow inmates in filing lawsuits against prison staff.  Plaintiff

3    contends that, according to defendant Baker's responses to plaintiff's interrogatories, Lieutenant

4    Hobbs directed defendants Baker and Speer to search plaintiff's cell.

5        The court will deny plaintiff's motion to join Lieutenant Hobbs in this action at this time

6    because plaintiff has not stated a cognizable claim against him.  See Fed. R. Civ. P. 20

7    (permissive joinder); Fed. R. Civ. P. 21 (court may on motion or on its own add or drop a party

8    on just terms).  Insofar as plaintiff now wishes to claim that Lieutenant Hobbs retaliated against

9    him, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements:  (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.

14   Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  In his pending motion, plaintiff has

15   not alleged a causal link between Lieutenant Hobbs and plaintiff's claimed First Amendment

16   deprivation.  Specifically, plaintiff has not indicated that Lt. Hobbs knew of any of plaintiff's

17   alleged protected conduct (e.g., that plaintiff had filed an administrative grievance against

18   defendants' fellow officer).  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a

19   retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, literally, "after

20   this, therefore because of this.").  In this regard, in contrast to his allegations against defendants

21   Baker and Speer, plaintiff has not adequately alleged that Lieutenant Hobbs' conduct was

22   motivated by, or because of, plaintiff's engagement in protected activities.  There can be no

23   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

24   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

25   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

26   1978).  Moreover, insofar as plaintiff believes Lieutenant Hobbs is liable as a supervisor, as this

27   court previously advised plaintiff, supervisory personnel are generally not liable under § 1983 for

28   ?////

2

1  the actions of their employees under a theory of <u>respondeat</u> <u>superior</u>.  Accordingly, the

2  undersigned will deny plaintiff's motion to join Lieutenant Hobbs in this action.

3      Plaintiff has also filed a similar motion in which he requests that the court order service of

4  his amended complaint on Officer D. Clays.  As an initial matter, at screening, this court

5  determined that plaintiff's amended complaint failed to state a cognizable claim against Officer

6  Clays and issued findings and recommendations to dismiss Clays as a defendant.  (Doc. No. 25)

7  In his amended complaint, plaintiff alleges that Officer Clays confiscated his television and

8  wrote-up false claims and allegations that the television was altered.  The court informed plaintiff

9  that unauthorized, intentional deprivations of property do not constitute a violation of the Due

10  Process Clause of the Fourteenth Amendment because meaningful postdeprivation remedies are

11  available in California.  (<u>Id.</u>)  The assigned District Judge adopted the undersigned's findings and

12  recommendations in full and dismissed Clays from this action.  (Doc. No. 27)  In his pending

13  motion, plaintiff claims that, based on certain information revealed in defendants' pending motion

14  for summary judgment, the court should re-evaluate its screening order because Officer Clays'

15  conduct was authorized for purposes of a due process claim.

16      The undersigned will deny plaintiff's motion to join Officer Clays in this action because

17  plaintiff has not identified any new information in defendants' motion for summary judgment that

18  demonstrates, as he contends, that Clays is a "collusive co-defendant."  Defendants' references to

19  Officer Clays in their motion for summary judgment primarily reiterate plaintiff's allegations in

20  his amended complaint and do not constitute new information about Officer Clays' alleged

21  misconduct.  (Doc. No. 110)  Moreover, that defendants argue in their motion for summary

22  judgment that they had a valid penological interest to search plaintiff's cell based in part on

23  plaintiff's altered television (seized during Officer Clays' search) does not constitute a concession

24  that Officer's Clays' search was authorized for purposes of a due process claim.  (<u>Id.</u>)  To be

25  clear, the court finds once more that plaintiff's allegations that Officer Clays confiscated his

26  television based on false claims and allegations fails to state a cognizable claim for relief.

27  Accordingly, given the court's prior dismissal of Officer Clays and plaintiff's lack of showing in

28  the pending motion, this court will deny plaintiff's motion to join Officer Clays in this action.

1     Next, plaintiff has filed a document styled "Plaintiff's Evidence of Informal Request to

2   Defendants' to Avoid Court Ordered Compeller", which this court and defendants in an

3   abundance of caution have liberally construed as a motion to compel discovery.  In his motion,

4   plaintiff appears to complain that defendant Baker did not adequately respond to his request for

5   production number 7, which sought documents related to defendant Baker's prior taking of

6   prisoner property.  Plaintiff also appears to complain that defendant Baker did not adequately

7   respond to his request for production number 9, which sought documents showing what internal

8   costs would be expended to defend against plaintiff's lawsuit.

9     The court will deny plaintiff's motion to compel.  First, the court finds that plaintiff's

10   request for production number 7 is overly-broad and not reasonably calculated to lead to the

11   discovery of admissible evidence.  In this regard, plaintiff's discovery request is wholly unlimited

12   in scope with respect to time.  Moreover, plaintiff's request is not adequately limited in subject-

13   matter scope.  Prior inmate complaints about defendant Baker taking personal property could

14   establish a possible pattern or practice with respect to the defendant's confiscating of inmate

15   property.  However, plaintiff has not shown how any and all prior complaints about defendant

16   Baker taking inmate property are relevant to his sole claim against defendant Baker for

17   retaliation.  See Fed. R. Civ. P. 26(b) ("[p]arties may obtain discovery regarding any non-

18   privileged matter that is relevant to any party's claim or defense…."); see also Brown v.

19   Williams, No. 1:09-cv-00792 LJO GBC (PC) (E.D. Cal. Apr. 13, 2012) (denying motion to

20   compel all inmate complaints against defendant); Edwards v. Carey, No. Civ S-05-1353 LKK

21   DAD (E.D. Cal. Nov. 29, 2006) (denying motion to compel any and all complaints and

22   grievances filed against defendants related to family visitation).

23     The court also finds that plaintiff's request for production number 9 regarding the costs of

24   this case is not reasonably calculated to lead to the discovery of admissible evidence.  Again,

25   /////

26   /////

27   /////

28   /////

4

1    plaintiff has not shown how the information he seeks is relevant to his sole claim against

2    defendant Baker for retaliation.[2]

3          For all of the foregoing reasons, the court will deny plaintiff's motion to compel defendant

4    Baker to provide further responses to plaintiff's discovery requests.

5          Plaintiff has also filed a motion to allow for garnishment proceedings in the event that he

6    prevails in this action and a motion seeking a judgment based on defendants purportedly breaking

7    the "dirty hands doctrine."  Neither motion has merit.  As to plaintiff's motion for garnishment

8    proceedings, plaintiff is advised that Rule 69 of the Federal Rules of Civil Procedure governs

9    execution of a money judgment.  See Fed. R. Civ. P. 69(a).  This court has not entered judgment

10   in this case, so plaintiff's motion at this juncture is premature.  As to plaintiff's motion based on

11   the unclean hands doctrine, plaintiff misunderstands the doctrine.  "The unclean hands doctrine

12   derives from the equitable maxim that 'he who comes into equity must come with clean hands.'"

13   Ellenburg v. Brockway, 763 F.2d 1091, 1097 (9th Cir. 1985).  The unclean hands doctrine is an

14   affirmative defense; any inquiry into unclean hands would be with respect to whether plaintiff

15   dirtied his hands in acquiring the right he has asserted.  Id.  Accordingly, the court will deny both

16   of these motions as well.

17         Finally, plaintiff has not filed a substantive opposition to defendants' pending motion for

18   summary judgment and instead has opposed it as premature in light of his pending motions to join

19   additional defendants.  Plaintiff has also filed a motion to strike defendants' reply to his

20   opposition.  Plaintiff is advised that defendants properly filed their motion for summary judgment

21   and reply in accordance with the court's discovery and scheduling order and Local Rule 230(l).

22   In addition, now that this court has ruled on all of plaintiff's pending motions, the court will direct

23   plaintiff to file any substantive opposition to defendants' motion within twenty-one days.  The

24   court cautions plaintiff that any failure on his part to file an opposition to that pending motion in

25   compliance with this order will result in a recommendation that this action be dismissed.

26   _____

27   [2]  As defense counsel contends, if defendants prevail at trial and were to file a motion for an
     award of attorneys' fees, that motion would be based on the number of hours reasonably and
     actually expended in defense of the case, multiplied by a reasonable hourly rate.  Until that time,

28   the potential costs of this litigation are irrelevant.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to join E. Hobbs to this action (Doc. No. 99) is denied;

2.  Plaintiff's motion to join D. Clays to this action (Doc. No. 116) is denied;

3.  Plaintiff's motion to compel (Doc. No. 100) is denied;

4.  Plaintiff's motion to allow for garnishment proceedings (Doc. No. 105) is denied;

5.  Plaintiff's motion based on the unclean hands doctrine (Doc. No. 106) is denied;

6.  Within twenty-one days of the date of this order, plaintiff shall file an opposition to defendants' motion for summary judgment.  Failure to file an opposition in compliance with this order will result in a recommendation that this action be dismissed.  Defendants may file any reply in accordance with Local Rule 230(l); and

7.  Plaintiff's motion to strike defendants' reply (Doc. No. 115) is denied.

Dated:  July 24, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.subj

6