1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS REYNALDO JOHNSON,                         No.  2:11-cv-2881 TLN DAD P

12                    Plaintiff,

13          v.                                        ORDER AND

14    D. CLAYS et al.,                                FINDINGS AND RECOMMENDATIONS

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18    42 U.S.C. § 1983.  This matter is before the court on a motion for summary judgment brought

19    pursuant to Rule 56 of the Federal Rules of Civil Procedure on behalf of defendants Baker and

20    Speer.  Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

21          For the reasons discussed below, the undersigned will recommend that defendants' motion

22    for summary judgment be granted.

23                                          **BACKGROUND**

24          Plaintiff is proceeding on a first amended complaint against correctional officers Baker

25    and Speer.  Therein, plaintiff alleges that defendants Baker and Speer conducted a cell search and

26    seized his legal papers and typewriter because plaintiff had previously filed an inmate appeal

27    against defendants' fellow correctional officer and because he acts as a jailhouse lawyer and has

28    assisted fellow inmates in filing lawsuits against prison staff.  (Doc. Nos. 24, 25 & 29)

                                                     1

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically store information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.). See also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, . . ., is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

## OTHER APPLICABLE LEGAL STANDARDS

### I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

II.  The First Amendment and Retaliation

Both the initiation of litigation before the court and the filing of inmate appeals are protected conduct, and prison officials may not retaliate against prisoners for engaging in these activities.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir.2005).  As the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes, 408 F.3d at 567–68.  See also Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011) (prisoners retain First Amendment rights not inconsistent with their prisoner status or penological objectives, including the right to file inmate appeals and the right to pursue civil rights litigation).

4

### DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE

Defense counsel has submitted a statement of undisputed facts supported by declarations signed under penalty of perjury by defendants Baker and Speer.  That statement of undisputed facts is also supported by citations to plaintiff's amended complaint, plaintiff's deposition testimony, a copy of plaintiff's property card, and copies of the relevant cell search forms.  The evidence submitted by the defendants in support of their pending motion for summary judgment establishes the following.

1.  Plaintiff Johnson is an inmate, incarcerated at Mule Creek State Prison ("MCSP"), alleging that defendants Baker and Speer, who are correctional officers at MCSP, retaliated against him in violation of the First Amendment by searching his cell and seizing his property on May 7, 2010, because plaintiff had filed an inmate appeal against Correctional Officer Clays, and because plaintiff had acted as a jail-house lawyer in assisting other inmates in bringing lawsuits against prison staff.  (Pl.'s Am. Compl. at 3, 7.)

2.  In May 2010, cell searches were conducted on a regular basis at MCSP in order to determine whether any illegal activities were occurring inside the cells and whether the inmates were in possession of any items which would be considered contraband.  (Baker Decl., Speer Decl.)

3.  Items of personal property found in a cell which were not owned by an inmate could be considered stolen property and would constitute contraband for this reason.  (Baker Decl., Speer Decl.)

4.  If an inmate's ownership of a personal property item could not be confirmed at the time of a cell search, the item would then be seized until ownership could be confirmed.  If it was confirmed that the inmate did own the item, which did not otherwise constitute contraband, that item would be returned to the inmate.  (Baker Decl., Speer Decl.)

5.  In May 2010, defendants Baker and Speer were correctional officers, assigned to the Investigative Services Unit ("ISU") at MCSP.  (Baker Decl., Speer Decl.)

/////

6. In May 2010, the job duties of defendants Baker and Speer included investigating narcotics trafficking and criminal activity inside the institution and conducting cell searches and property inspections.  (Baker Decl., Speer Decl.)

7. In May 2010, defendants Baker and Speer received instructions on which cells to search from their supervisors.  (Baker Decl., Speer Decl.)

8. On May 7, 2010, defendants Baker and Speer received instructions from then-Sergeant Hobbs and then-Lieutenant Cantu to search cell 248, which was occupied by plaintiff and his cellmate Aaron, and to seize all paperwork and typewriters found in that cell.  (Baker Decl., Speer Decl.)

9. Defendants Baker and Speer were not told that the reason for searching plaintiff's cell was to retaliate against plaintiff for filing a CDCR form 602 Inmate/Parolee Appeal against Officer Clays, because the inmates had complained about prior cell searches, or because plaintiff had acted as a "jailhouse lawyer."  (Baker Decl., Speer Decl.)

10. Neither defendants Baker nor Speer was aware that plaintiff had submitted a CDCR form 602 Inmate/Parolee Appeal against Officer Clays.  (Baker Decl., Speer Decl.)

11. While searching plaintiff's cell, defendants Baker and Speer understood that they were to confiscate any items which might constitute contraband under CDCR policies, as they would when conducting any cell search.  (Baker Decl., Speer Decl.)

12. On May 7, 2010, defendants Baker and Speer proceeded to cell 248, informed plaintiff and his cellmate that their cell was going to be searched, performed a clothed body search on each inmate, and instructed plaintiff and his cellmate to proceed to the dayroom for their section while the search of their cell was being conducted.  (Baker Decl., Speer Decl.)

13. Upon searching cell 248, defendants Baker and Speer observed the presence of two Brother brand typewriters, along with miscellaneous paperwork, compact disc diskettes, pornography, inoperable electronic devices and parts, inmate-manufactured lights, and pills not in a container, and confiscated these items.  (Baker Decl. & Ex. 1, Speer Decl. & Ex. 1.)

14. Defendants Baker and Speer then delivered the items seized from cell 248 to their supervisors, Hobbs and Cantu.  (Baker Decl., Speer Decl.)

15. After the cell search was completed and as defendants were carrying the property seized away, plaintiff and his cellmate questioned why the typewriters were being seized when one of them had been recently seized by correctional officers and returned.  (Baker Decl.)

16. Defendant Baker responded by stating that "everyone has a boss," because he was acting at the direction of his supervisors.  (Baker Decl.)

17. The typewriter which had been seized by Officer Clays and subsequently returned belonged to plaintiff's cellmate.  (Pl.'s Dep. at 102:25-103:2, Pl.'s Am. Compl. Ex. 1 at 12.)

18. During the cell search on May 7, 2010, neither defendants Baker nor Speer referred to plaintiff as a "jailhouse lawyer."  (Pl.'s Dep. at 49:8-50:12.)

19. Plaintiff's Property Card maintained by CDCR refers to a Cannon brand typewriter but does not refer to a Brother brand typewriter.  (Defs.' Ex. D at 2, Pl.'s Am. Compl. Ex. 1.)

20. When plaintiff's cell had been searched earlier by Officer Clays on March 25, 2010, Officer Clays found an altered Sony TV with no serial number and security tape which had been removed, an ETRON CD Walkman on which the names of other inmates had been removed and to which plaintiff's name had been added, and a Cannon brand typewriter which did not belong to plaintiff.  (Pl.'s Am. Compl. Ex. 1 at 11.)

21. Once it had been confirmed that the typewriters seized on May 7, 2010, were owned by the inmates, the typewriters and paperwork were returned to plaintiff on May 13, 2010.  (Baker Decl., Speer Decl.)

22. Plaintiff is not asserting a claim for the items which were seized from his cell on May 7, 2010, but rather is asserting only a claim for violation of his First Amendment rights.  (Pl.'s Dep. at 106:24-107:3.)

23. In conducting the search of plaintiff's cell on May 7, 2010, defendants Baker and Speer intended to comply with orders given to them by their supervisors – to verify that no improper activities were taking place in that cell and that no contraband was present there.

7

1    They did not intend to retaliate against plaintiff.  (Baker Decl., Speer Decl.)

2    **ANALYSIS**

3    Based on the undisputed evidence submitted in connection with the pending motion, the

4    undersigned finds that the defendants are entitled to summary judgment in their favor on the

5    merits of plaintiff's First Amendment retaliation claim.  As an initial matter, the undersigned

6    finds that based on the evidence submitted on summary judgment and described above, the

7    defendants have borne their initial burden of demonstrating that there is no genuine issue of

8    material fact with respect to plaintiff's First Amendment claim.  Specifically, the evidence

9    submitted by defendants in support of their motion for summary judgment demonstrates that the

10   defendants did not search plaintiff's cell or confiscate plaintiff's property because he had filed an

11   inmate appeal against their fellow officer or because of his jailhouse lawyer activities.  See

12   Rhodes, 408 F.3d at 567–68.

13   In light of the evidence submitted by the defendants in support of the pending motion for

14   summary judgment, the burden shifts to plaintiff to establish the existence of a genuine issue of

15   material fact with respect to his retaliation claim.  The court has reviewed plaintiff's amended

16   complaint, his deposition testimony, and his opposition to defendants' pending motion.  On

17   defendants' motion for summary judgment the court is required to believe plaintiff's evidence and

18   draw all reasonable inferences from the facts before the court in plaintiff's favor.  Drawing all

19   reasonable inferences in plaintiff's favor, the court finds that plaintiff has not provided the court

20   with any sufficient evidence suggesting that defendants Baker and Speer searched his cell and

21   confiscated his property because of his protected conduct.

22   As an initial matter, plaintiff has not presented any evidence to show that defendants

23   Baker and Speer were aware that plaintiff had engaged in protected conduct.  See Wood v. Yordy,

24   753 F.3d 899, 905 (9th Cir. 2014) (a district court properly granted summary judgment in favor of

25   defendant on plaintiff's claim that he had been retaliated against by prison officials due to his

26   filing of a lawsuit because there was no evidence presented showing that the defendants knew

27   about prisoner's earlier lawsuit); Quiroz v. Horel, 85 F. Supp.3d 1115,___, 2015 WL 1485024, at

28   *6 (N.D. Cal. Mar. 31, 2015) (granting summary judgment in favor of defendants on a prisoner

1    plaintiff's retaliation claims for the same reason).  Specifically, plaintiff has not come forward

2    with any evidence showing that the defendants even knew he had filed an inmate appeal against

3    their fellow officer, Clays.  According to plaintiff's opposition papers, Sergeant Feltner, Captain

4    Harrington, and Associate Warden Kaplan addressed plaintiff's inmate appeal involving officer

5    Clays.  (Pl.'s Opp'n to Defs.' Mot. for Summ. J., Ex. A.)  Plaintiff does not contend that either of

6    the defendants was involved in addressing that inmate appeal.  Nor has plaintiff presented any

7    evidence showing that defendants Baker and Speer knew that plaintiff was a jailhouse lawyer.  In

8    fact, plaintiff testified at his deposition that neither defendant had ever referred to him as a

9    "jailhouse lawyer."  (Pl.'s Dep. at 49:8-50:12.)  At most, plaintiff merely contends that ISU

10   officers are "acutely aware" that he has assisted other inmates in legal matters against ISU

11   officers.  (Pl.'s Decl. at 3.)  However, plaintiff does not explain how he knows what ISU officers,

12   and defendants Baker and Speer in particular, know with respect to his jailhouse lawyer activities.

13   See Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497-98 (9th Cir. 2015) (citing Villiarimo v.

14   Aloha Island Air, 281 F.3d 1054, 1059 n. 5, 1061 (9th Cir. 2002) (affirming a grant of summary

15   judgment and concluding that the district court properly disregarded a declaration submitted by

16   plaintiff that included facts beyond the declarant's personal knowledge and did not indicate how

17   she knew the facts to be true) and F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171

18   (9th Cir. 1997) (a conclusory affidavit, lacking detailed facts and supporting evidence, does not

19   create a genuine issue of material fact on summary judgment)); see also Fed. R. Civ. P. 56(c)(4)

20   ("An affidavit or declaration used to support or oppose a motion must be made on personal

21   knowledge, set out facts that would be admissible in evidence, and show that the affiant or

22   declarant is competent to testify on the matters stated.").

23       Moreover, a viable retaliation claim requires that plaintiff point to some evidence

24   demonstrating causation.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail

25   on a retaliation claim, a plaintiff must show that his protected conduct was "the 'substantial' or

26   'motivating' factor behind the defendant's conduct.").  Throughout his opposition to defendants'

27   motion for summary, plaintiff contends that the defendants seized his personal typewriter and

28   confidential legal documents seven days after prison officials issued a first level of review

1   decision on his inmate appeal against Officer Clays, eight days after Officer Clays was required

2   to return his cellmate's personal typewriter and shaver to him, and thirty-one days after plaintiff

3   had assisted another inmate in the filing of a lawsuit against defendants' fellow ISU officers.

4   (Pl.'s Decl. at 3, Pl.'s Resp. to Defs.' SUDF at 13, 16-17, Pl.'s Statement of Facts at 3.)  Plaintiff

5   appears to contend that the timing of events shows that defendants Baker and Speer must have

6   been retaliating against him.

7          To be sure, timing can constitute circumstantial evidence of retaliatory motive.  See Bruce

8   v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

9   However, there must be some nexus between the protected conduct and alleged adverse action.

10  See Quiroz, 2015 WL 1485024 at *14.  A retaliation claim cannot rest on the logical fallacy of

11  post hoc, ergo propter hoc, literally, "after this, therefore because of this."  See Huskey v. City of

12  San Jose, 204 F.3d 893, 899 (9th Cir. 2000).  Here, as noted above, plaintiff has not presented any

13  evidence to the court on summary judgment indicating that the defendants were aware of his

14  engagement in protected conduct let alone evidence that the defendants were substantially

15  motivated by his protected conduct when they searched his cell and confiscated his property.  See

16  Brodheim, 584 F.3d at 1271.

17         Finally, at his deposition, plaintiff testified that during the course of the cell search in

18  question, defendant Baker said "Everybody has a boss", and that defendant Speer said "Let me

19  search him for papers."  (Pl.'s Dep. at 57:24 & 104:8-18.)  Allegations that defendants made these

20  vague statements, however, do not indicate that the defendants searched plaintiff's cell and

21  confiscated his property because he had filed an inmate appeal against their fellow officer and had

22  acted as a jailhouse lawyer in the past.  See Wood, 753 F.3d at 905 (district court properly granted

23  summary judgment against plaintiff because there was no indication that prison officials'

24  "isolated fragments of statements" referred to his protected conduct).  In this regard, plaintiff's

25  contention that defendants' conduct was retaliatory is purely speculative.  It is well established

26  that speculation is not probative evidence indicating the crucial link between plaintiff's protected

27  conduct and defendants' alleged adverse actions.  Id. ("We have repeatedly held that mere

28  speculation that defendants acted out of retaliation is not sufficient.") (and citing cases).  See also

1   Quiroz, 2015 WL 1485024 at *4 ("However, mere speculation that defendants acted out of

2   retaliation is not sufficient.").

3        Accordingly, for all of the foregoing reasons, the undersigned concludes that defendants'

4   motion for summary judgment with respect to plaintiff's First Amendment retaliation claims

5   should be granted.[1]

6                    **OTHER MATTERS**

7        Also pending before the court is plaintiff's motion for summary judgment filed on August

8   3, 2015.  Under this court's discovery and scheduling order, the parties were required to file any

9   pretrial motions on or before December 29, 2014.  Plaintiff has not filed a motion to modify the

10   court's discovery and scheduling order showing good cause for the filing of his motion after the

11   deadline for doing so order the court's scheduling order.  See Johnson v. Mammoth Re-creations,

12   975 F.2d 604, 608 (9th Cir.1992).  Accordingly, the court will deny plaintiff's motion for

13   summary judgment as untimely.[2]

14        Plaintiff has also filed a motion to strike a "personal attack" by defendants and a motion to

15   file a surreply in support of his motion for summary judgment.  Defendants have opposed both

16   motions.  First, as to the motion to strike, plaintiff contends that defense counsel mischaracterized

17   one of his contentions to suggest that he assisted another inmate in filing a lawsuit against

---

18
19   [1]  In light of the recommendation set forth herein, the undersigned declines to address defendants'
alternative argument that they are entitled to summary judgment in their favor based on the
20   affirmative defense of qualified immunity.

21   [2]  The undersigned notes that, in the interest of justice, the court has considered plaintiff's motion
for summary judgment in conjunction with his opposition to defendants' motion for summary
22   judgment.  The court further notes that, even if the court had granted plaintiff leave to act out of
time to file his motion for summary judgment, the evidence presented by plaintiff in support of
23   that motion fails to establish beyond dispute that the defendants Baker and Speer retaliated
against him in violation of his rights under the First Amendment.  Because in this case plaintiff
24   would bear the burden of proof at trial on his retaliation claim, in order to prevail on summary
judgment he would need to affirmatively demonstrate that based upon the undisputed facts no
25   reasonable trier of fact could find other than for him.  See Soremekun v. Thrifty Payless, Inc., 509
26   F.3d 978, 984 (9th Cir. 2007).  Here, as discussed above in connection with defendants' motion
for summary judgment, plaintiff's evidence does not establish that defendants knew of plaintiff's
27   engagement in protected conduct or that defendants' search of plaintiff's cell and seizure of
property located therein was substantially motivated by plaintiff's engagement in protected
28   conduct.

1  defendants Baker and Speer when in actuality it appears he assisted another inmate in filing a

2  lawsuit against defendant Baker and Speer's fellow officers.  Defendants contend in their

3  opposition to the motion that their characterization was reasonable based on the way that plaintiff

4  had written the contention at issue and that their characterization of the contention as false was

5  not personal attack on plaintiff himself.  After reviewing the record, the court finds that the

6  parties have had a simple misunderstanding regarding an inconsequential fact, and there are no

7  grounds for striking portions of the parties' briefing or for sanctions.

8       As to plaintiff's motion to file a surreply in support of his motion for summary judgment,

9  as an initial matter, a surreply is not authorized by the Federal Rules of Civil Procedure or the

10  Local Rules of Court.  Moreover, as discussed above, plaintiff's motion for summary judgment

11  will be denied as untimely, so any surreply would be unnecessary.

12       Finally, defendants have filed a series of evidentiary objections to plaintiff's evidence

13  submitted in opposition to their motion for summary judgment.  Insofar as defendants' objections

14  are relevant to the court's disposition of the pending motion for summary judgment as set forth

15  herein, they are overruled.  The undersigned finds it would be an abuse of discretion to refuse to

16  consider evidence offered by a pro se plaintiff at the summary judgment stage.  See e.g., Jones v.

17  Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (reversing and remanding with instructions to consider

18  evidence offered by the pro se plaintiff in his objections to the findings and recommendations).

19  In any event, given the recommendation set forth above that defendants' motion for summary

20  judgment be granted, defendants' evidentiary objections are unnecessary.

21                                    **CONCLUSION**

22       IT IS HEREBY ORDERED that:

23       1.  Plaintiff's motion for summary judgment (Doc. No. 120) is denied as untimely;

24       2.  Plaintiff's motion to strike (Doc. No. 130) is denied;

25       3.  Plaintiff's motion for leave to file a surreply (Doc. No. 131) is denied; and

26       4.  Defendants' evidentiary objections (Doc. No. 125) insofar as they are relevant to the

27  court's disposition of the pending motion for summary judgment are overruled.

28  /////

1    IT IS HEREBY RECOMMENDED that:

2        1. Defendants' motion for summary judgment (Doc. No. 110) be granted; and

3        2. This action be closed.

4        These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after

6    being served with these findings and recommendations, any party may file written objections with

7    the court and serve a copy on all parties.  Such a document should be captioned "Objections to

8    Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

9    filed and served within seven days after service of the objections.  The parties are advised that

10   failure to file objections within the specified time may waive the right to appeal the District

11   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   Dated:  September 11, 2015

13

14   _____
     DALE A. DROZD
15   UNITED STATES MAGISTRATE JUDGE

16   DAD:9
     john2881.57msj
17

18

19

20

21

22

23

24

25

26

27

28