1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS REYNALDO JOHNSON,

        Plaintiff,

   v.

D. CLAYS, et al.,

        Defendants.

No.  2:11-cv-2881 TLN DAD P

ORDER

     Plaintiff is a state prisoner proceeding pro se with this civil rights action on a First Amendment retaliation claim against defendants Baker and Speer.  Pending before the court is plaintiff's motion to amend his complaint to include additional claims against a Lieutenant E. Hobbs.  He has also requested a stay of this action until the court rules on this pending motion.

     Under the court's discovery and scheduling order, the parties were required to file all pretrial motions on or before December 29, 2014.  (Doc. No. 89)  Plaintiff has not filed a motion to modify the court's scheduling order.  See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).  Nor has plaintiff otherwise shown good cause at this late date to modify the

/////
/////
/////
/////

1

scheduling order as required.[1]  See id.  Accordingly, the court will deny plaintiff's belated motion to amend his complaint.

Plaintiff has also filed a motion in which he appears to request the award of attorney's fees.  Because plaintiff is proceeding pro se, he is not entitled to attorney's fees under any circumstances.  See Kay v. Ehrler, 499 U.S. 432, 436-37 (1991); Gonzalez v. Kangas, 814 F.2d 1411, 1411-12 (9th Cir. 1987).  Accordingly, the court will deny that motion as well.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend his complaint and stay this action (Doc. No. 136) is denied; and

2. Plaintiff's motion for attorney's fees (Doc. No. 138) is denied.

Dated:  October 16, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john2881.amd

---

[1] The court has already reached the summary judgment stage of the litigation in this case.  On September 14, 2015, the undersigned issued findings and recommendations, recommending that defendants' motion for summary judgment be granted and that this action be closed. (Doc. No. 134)  Moreover, the undersigned notes that on July 27, 2015, plaintiff's motion styled "Motion to Subjoin Nonjoinder Defendant" in which he requested that the court add Lieutenant E. Hobbs to this action was denied.  Specifically, the undersigned found then that plaintiff had not stated a cognizable claim against Hobbs.  See Fed. R. Civ. P. 20 (permissive joinder); Fed. R. Civ. P. 21 (court may on motion or on its own add or drop a party on just terms).  (Doc. No. 119)